Cite as 2019 Ark. 414

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| | **Opinion Delivered:** December 19, 2019 |
| IN RE: BOARD OF CERTIFIED COURT REPORTER EXAMINERS | |

**PER CURIAM**

The Board of Certified Court Reporter Examiners [the Board] has submitted proposed changes to The Rule Providing for Certification of Court Reporters and the Regulations of the Board of Certified Court Reporter Examiners. We have reviewed the Board's work, and we now publish the suggested amendments for comment from the bench, bar, and public. Comments on the suggested changes should be made in writing on or before March 31, 2020, and they should be addressed to: Stacey Pectol, Clerk, Supreme Court of Arkansas, Attn.: Board of Certified Court Reporter Examiners, Justice Building, 625 Marshall Street, Little Rock, Arkansas 72201. The proposed changes are set out in "line-in, line-out" fashion (new material is underlined; deleted material is lined through).

**THE RULE PROVIDING FOR THE CERTIFICATION OF COURT REPORTERS**

**SECTION 3. DUTIES OF THE BOARD**

The Board is charged with the duty and invested with the power and authority:

. . .

I. To provide a system and procedure for receiving complaints against court reporters <u>and court-reporting firms, service providers, or entities</u>, investigating such complaints, filing formal disciplinary Complaints against reporters, and for hearing, consideration, and determination of validity of charges and appropriate sanctions to be imposed upon any reporter.

**THE REGULATIONS OF THE BOARD OF CERTIFIED COURT REPORTER EXAMINERS**

**SECTION 22**

**a.** The purpose of this rule is to ensure the integrity of the record and to avoid the appearance or potential for deferential treatment of parties to an action. Court reporters serve as officers of the court and both the appearance and existence of impartiality are no less important for officers who take depositions than for judicial officers and other persons whose responsibilities are integral to the administration of justice.

**b.** The court reporter taking the deposition, or the firm or any other person or entity with whom such court reporter has a principal and agency relationship or is otherwise associated, shall not enter into a contractual or financial agreement, arrangement or relationship for court reporting services, whether written or oral, <u>directly or indirectly</u>, with any attorney, party to an action, insurance company, third-party administrator, <u>including</u>

individuals or entities who may ultimately be responsible for payment, or any other person or entity that has a financial interest in an action, which gives the appearance that the impartiality and independence of the court reporter has been compromised. Specific examples of arrangements that are prohibited include ones that:

1. establish rates and terms for court reporting services that extend beyond a single case, action, or proceeding;

2. include a court reporter on any list of preferred providers of court reporting services after exchanging information and reaching an agreement specifying the prices or other terms upon which future court reporting services will be provided, whether or not the services actually are ever ordered;

3. allow the format of the transcript to be manipulated to affect pricing;

4. require the court reporter taking the deposition to relinquish control of an original deposition transcript and copies of the transcript before it is certified;

5. fail to offer comparable services, in both quality and price, to all parties or otherwise require the court reporter to provide special financial terms or other services that are not offered at the same time and on the same terms to all other parties in the litigation;

6. allow the court reporter to communicate directly with a party of interest, other than a *pro se* party, except to provide invoices; and

7. base the compensation of the court reporter on the outcome or otherwise give the court reporter a financial interest in the action; and

8. prohibit or restrict the discretion of the noticing attorney from using the court reporter of the attorney's choice.

3

**c.** These prohibitions do not ~~apply to situations where fees or special services may be negotiated, provided that they are the same for all parties and are negotiated on a case-by-case basis. Also, these prohibitions do not~~ extend to governmental entities.

**d.** <u>To ensure compliance with this Section, a court reporter shall complete a disclosure form developed and adopted by the Board of Certified Court Reporter Examiners. The completed form shall be attached to all transcripts. This provision does not apply to transcripts that are prepared by official court reporters acting in their official capacity.</u>

**~~d~~ <u>e</u>.** Any violation of these prohibitions shall be enforceable by the court in which the underlying action is pending. Without otherwise limiting the inherent powers and discretion of the court, a deposition taken in violation of these prohibitions shall constitute a violation (disqualification for interest) and be subject to all sanctions for such a violation under the Rules of Civil Procedure. In addition, any court reporter, firm, attorney, or party that willfully violates these prohibitions may be subject to fine or sanction by the court, and a court reporter may be subject to disciplinary proceedings before the Board of Certified Court Reporter Examiners.

**<u>e</u>. <u>f.</u>** These rules shall be applicable to all court reporting services provided on or after _____, 20~~08~~.

**SECTION 22 OF THE ARKANSAS REGULATIONS OF THE BOARD OF CERTIFIED
COURT REPORTER EXAMINERS
DISCLOSURE FORM**★

1. _____, who is a court reporter licensed in the State of Arkansas with a certificate number of _____ and with a license that is in good standing and who is not identified on a preferred-provider list, whether oral or written, for any litigant, insurance company, or third–party administrator involved in this matter, will be providing court-reporting services for the following case: _____.

2. _____ was hired by _____ for the purpose of providing court-reporting services in this case.

3. _____ does not presently have, nor in the past has had, a continuing or blanket contract, either oral or written, with any litigant, insurance company, or third–party administrator involved with this matter. [If different, so state.]

4. _____ will be billing the attorneys directly in this case and will comply with all provisions in Section 19 of The Arkansas Regulations of the Board of Certified Court Reporter Examiners in doing so.

**I do hereby swear and certify the foregoing information to be complete, true, and correct to the best of my knowledge and information.**

Date_____ Signed_____[court reporter]

Date_____ Signed_____[court–reporting firm]

**I do hereby acknowledge the foregoing disclosures.**

Date_____ Signed_____[attorney/pro se]

Date_____ Signed_____[attorney/pro se]

★This form shall be used when providing court-reporting services pursuant to an Arkansas certification. This form shall be completed prior to providing the court-reporting services.